MARTIN *v.* GARMON *et al.*

No. 7518. June 17, 1930.

**660**

*Wheeler & Kenyon,* for plaintiff.

*B. P. Gaillard Jr.,* for defendant.

HILL, J. E. L. Garmon bought from J. E. Martin certain described land in Dawson County. The purchase of the land by Garmon from Martin was subsequent to the time that Martin and his wife separated but before she sued him for a divorce. The record tends to show that the land was bought for a valuable consideration. Mrs. Sallie Martin, the wife of J. E. Martin, sued her husband for alimony and obtained a judgment and execution against the administrator of J. E. Martin, deceased, which was levied on the land sold by Martin in his lifetime to Garmon. E. L. Garmon filed a claim to the land, contending that the property levied on was not subject to the fi. fa. Mrs. Martin contended that the land was subject to the execution, and that the deed made by Martin to Garmon was fraudulent and void, and that the land was subject to the payment of her judgment for alimony. The claimant contended that the deed conveyed the title to him, that the transaction was bona fide, that he took the deed from Martin without any notice of fraud, and that he had no reasonable ground to suspect that Martin was conveying his property to defeat a claim for alimony. The jury returned a verdict in favor of the claimant. The plaintiff made a motion for new trial on the general grounds and on two special grounds. The motion was overruled, and she excepted.

■ The evidence was sufficient to authorize the verdict, and the court did not err in overruling the motion for new trial on the usual general grounds.

■ The first special ground complains that the court refused a request to charge the jury as follows: "I charge you that a conveyance by a debtor of all or nearly all of his property may be considered by the jury as a badge of fraud." It is insisted that the requested instruction to charge was not covered literally or substantially in any other part of the charge; that the evidence showed that James E. Martin while separated from his wife and children, for the purpose of defeating their claim for alimony, made a deed to E. L. Garmon to all of his property, retaining no realty and practically no personalty; and that the refusal of the court to charge as requested was prejudicial and harmful to the movant, and had the effect of eliminating from the consideration of the jury the

vital facts showing fraud. The court did charge the jury as follows: "The issue for you gentlemen to determine in this case is whether or not the transaction between James E. Martin and E. L. Gorman was a bona fide transaction and for a valid consideration; whether or not the land in question was conveyed by Martin to Garmon for the purpose of defeating his wife in a claim for alimony for herself and minor children, and, if so, whether or not Garmon knew that, and was a party thereto, and whether or not he had reasonable grounds to suspect that Martin intended to accomplish that purpose by making him a deed to the land in question. If you find that a transfer of the husband's property was made by him with the intention to prevent a recovery for alimony, such transfer would be fraudulent as to the wife, and may be set aside in an action brought by her, or could be held void in an action of this kind, although made before the divorce or alimony proceedings were instituted by the wife; provided the grantee of such transfer had notice or reasonable grounds to suspect such intention. You see, the grantee in this deed was E. L. Garmon, and he would have had to have had notice of such intention on the part of the grantor in this case, James E. Martin, to defeat his wife in her claim for alimony, or reasonable grounds, as just stated, to suspect that the conveyance was made for that purpose. I charge you that if you find from the evidence in this case that at the time Garmon bought the land in dispute, if at that time the purpose of Martin was to dispose of his property for the purpose of defeating a claim for alimony on the part of his wife and children, and if the purpose on the part of Martin was known to Garmon, or if Garmon had reasonable grounds to suspect it, then you would be authorized to find the deed to Garmon null and void." The request to charge was not applicable to the facts of the case, and it was not error to refuse it.

■ The other special ground complains that the court refused a request to give to the jury the following charge: "I charge you that in a case of this kind the retention by the grantor of some right or benefit in the land conveyed may be considered by the jury as a badge of fraud." The requested instruction was not applicable to the facts of the case. It is true that one of the witnesses stated that Martin had said to Garmon that he might want to come back and live on the place, and Garmon himself testified that he took

that to mean that Martin might want to rent a part of the land purchased from him at a later date, but that he never attempted to do so or made any application to live on the place again before his death, and that there was no reservation in the deed·from Martin to Garmon to that effect. Whatever might have been said between the grantor and the grantee previously to the execution of the deed was not incorporated in the deed; and therefore the request to charge was properly refused by the court as not being adjusted to the facts of the case.

*Judgment affirmed. All the Justices concur.*

HINES, J., concurs in the result.